UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. |
| v. | : | Magistrate No: 06-235 |
| | : | |
| FRANK ROBINSON, | : | VIOLATION: 18 U.S.C. § 201(b)(2)(A) |
| | | (Bribery of Public Officials) |
| Defendant. | : | |

**INFORMATION**

The United States Attorney hereby informs the Court that:

**COUNT ONE**
**(Bribery of a Public Official)**

At times material and relevant to this information:

Introduction

1. FRANK ROBINSON was an Inspector for the District of Columbia Department of Transportation, Public Space Management Administration, Office of Infrastructure Oversight (hereinafter referred to as "OIO"). ROBINSON was a full-time employee of the District of Columbia government.

2. OIO Inspectors were charged with the responsibility of investigating and initiating enforcement actions in cases of work performed without a permit in all publicly owned property including roadways, tree spaces, sidewalks and alleys. As part of his official acts, ROBINSON was empowered by the District of Columbia government to issue citations to individuals who failed to obtain a permit as required by law.

3. CW1 was a contractor who purchased and rehabilitated homes for resale in the District of Columbia and elsewhere.

4. CW2 was a plumber who occasionally worked as a subcontractor for CW1 in the

District of Columbia.

### Initial Interaction Between ROBINSON, CW1 and CW2

5. In or about November 2004, CW1 was rehabilitating a home located in the unit block of Uhland Terrace, N.E., Washington, D.C., and CW2 was working as a subcontractor plumber on that project.

6. Before he dug in publicly owned property, CW2 was required to obtain a permit. However, the application for a permit that CW2 had submitted to the District of Columbia government was still pending.

7. Despite the fact that he did not have a permit, CW2 dug a ditch from the house on Uhland Terrace, through the city sidewalk to the street in an effort to connect the house to the District of Columbia main water line beneath the street.

8. After CW2 dug through the sidewalk, ROBINSON arrived on the job scene in the unit block of Uhland Terrace, purportedly in response to a citizen complaint that an electrical line to a streetlight pole had been cut near the job site.

9. When ROBINSON discovered that CW2 had not yet obtained a permit to dig in publicly owned property, he told both CW1 and CW2 that they were subject to a fine, but suggested that he could make the problem go away for CW1 and CW2 if he was paid money.

### Subsequent Interactions Between Robinson and CW2

10. On or about April 26, 2006, during a telephone conversation between CW2 and ROBINSON, CW2 told ROBINSON about a new construction project that he was involved with in the 1000 block of Rhode Island Avenue, N.W., Washington, D.C.  CW2 told ROBINSON that his plumbing permit had expired and that he did not want anyone to interfere with his job.

11.     During a telephone conversation between CW2 and ROBINSON on or about May 4, 2006, ROBINSON told CW2 that he owed him for "watching" his job site, but agreed to continue watching the job site for CW2 until they could meet "face to face" in about two weeks.

### Solicitation of Bribe

12.     On or about May 13, 2006, ROBINSON telephoned CW2 and asked about the construction site in the 1000 block of Rhode Island Avenue, and also told CW2 that he wanted money. Thereafter, CW2 agreed to meet with ROBINSON.

13.     On or about May 15, 2006, during a meeting between CW2 and ROBINSON near the job site in the 1000 block of Rhode Island Avenue, the two men discussed the expired plumbing permit at the job site, and ROBINSON indicated that he wanted a payment of $500 in exchange for ensuring that CW2 did not receive a $2,500 fine.

### Payment of Bribe

14.     On or about May 19, 2006, CW2 telephoned ROBINSON and arranged to meet with him on Monday May 22, 2006, at a restaurant in Northeast, Washington, D.C.

15.     On or about May 22, 2006, a meeting occurred between CW2 and ROBINSON in the parking lot of the agreed upon restaurant in Northeast, Washington, D.C.

16.     At the meeting on May 22, 2006, CW2 gave ROBINSON $500 in cash in exchange for ensuring that CW2 did not receive a citation for performing work without a proper permit.

<u>Bribery of a Public Official</u>

17.     On or about May 22, 2006, defendant FRANK ROBINSON, being a public official, to wit: an Inspector for the District of Columbia Department of Transportation, Public Space Management Administration, Office of Infrastructure Oversight, directly and indirectly, corruptly demanded, sought, received, accepted and agreed to receive and accept anything of value, in return for being influenced in the performance of any official act and being induced to do and omit to do any act in violation of his official duties, to wit: solicitation and acceptance of $500.00 in cash in exchange for not issuing a citation to CW2 for performing work on publicly owned property without a proper permit.

**(Bribery of a Public Official, in violation of Title 18,
United States Code, Section 201(b)(2)(A))**

KENNETH L. WAINSTEIN
United States Attorney
for the District of Columbia

By: _____
DAVID CAREY WOLL, JR.
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-4250