UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 06-180 (HHK) |
| ) | |
| FRANK ROBINSON ) | |
| _____ ) | |

## MEMORANDUM IN AID OF SENTENCING

_____COMES NOW, Frank Robinson, through counsel, Joseph R. Conte, 400 Seventh Street, N.W., Suite 400, Washington, D.C. 20004, to respectfully provide this Honorable Court with information concerning the defendant in aid of his sentencing currently scheduled for October 20, 2006.

Respectfully submitted,

_____
Joseph R. Conte, Bar #366827
400 Seventh St., N.W., #400
Washington, D.C. 20004
202.638.4100
Fax 202.628.0249

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.   ) | Cr. No. 06-180 (HHK) |
| ) | |
| ) | |
| FRANK ROBINSON ) | |
| ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MEMORANDUM IN AID OF SENTENCING**

**Background**

    1. Pending before the court is the sentencing of the defendant following a plea of guilty. The defendant was convicted of Bribery of a Public Official.[1]

    2. The facts of the case are straightforward. The defendant solicited a bribe from a building contractor working undercover for the government.

    3. The defendant plead guilty to this offense on July 18, 2006, less than one month after the case was filed.

    4. On October 12, 2006, a Final Presentence Report was completed. The defendant's sentencing guidelines computed to a Total Offense Level of 12 and a Criminal History Category I. The resultant sentencing range under the guidelines is 10 to 16 months. However, since the guideline range is in Zone C of the sentencing table, the minimum term may

---

[1] 18 U.S.C. §201(b)(2)(A)

SENTMEMO.PA.wpd                                  2

be satisfied by a sentence of imprisonment; or a sentence of imprisonment that includes supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. §5C1.1(e) provided that at least one-half of the minimum term is satisfied by imprisonment. (§5C1.1(d)(1) and (2).

## SENTENCING FACTORS

5. *United States v. Booker* 125 S.Ct. 738 (2005). has returned to the sentencing courts the ability to apply the traditional sentencing factors in determining a sentence. Those factors, as spelled out in 18 U.S.C. §3553, are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available.

6. Applying the law as found in *United States v. Booker* the federal sentencing guidelines are only **one** factor the court must consider in sentencing a defendant. In effect, as a result of *Booker* this court has wide discretion in imposing a sentence in this matter and can impose any sentence which the court feels is reasonable under the circumstances.

7.  The defendant is 47 years old.  He was first introduced to heroin at the age of 13 by a family member.  After his introduction to heroin he began using alcohol and marijuana at age 14, cocaine at age 16, Amphetamines, barbiturates and phencyclidine at age 18 and finally crack cocaine at 20. In large part Mr. Robinson's criminal history tracks his drug use.  In 1995, Mr. Robinson ceased using all drugs (cold turkey) because he was "tired."

8.  As noted above the defendant's criminal history tracks his drug use.  The defendant has only one conviction, since he quit using drugs, for a domestic simple assault against his girlfriend (now wife) Mrs. Beverly Sellers Robinson.

## **CONCLUSION**

The defendant is a 47 year old reformed narcotic addict.  The defendant readily admitted his involvement in the instant offense and entered a plea of guilty at the earliest possible time.  The advisory Federal Sentencing Guidelines suggest a sentence in the 10-16 month range which can be satisfied by a sentence which substitutes home confinement or community confinement provided that one half of the guideline minimum term is satisfied by imprisonment.

This is a case where the court should consider a variance from the Federal Sentencing Guidelines and impose no incarceration.  The defendant has lost his job and is suffering from extreme hardship as a result of his decreased earnings.  The defendant is truly remorseful for his actions and come to this court and entered a guilty plea at the earliest possible moment. (No indictment was ever filed in this case.  Mr. Robinson pled to an information thus sparing the additional work involved in obtaining an indictment).

WHEREFORE, counsel respectfully requests that this court not impose a sentence

within the Federal Sentencing Guidelines but instead, because of the facts and circumstances of this case warrant, vary from the advisory sentencing guidelines and impose a sentence only of home confinement, or, alternatively impose the lowest sentence under the Federal Sentencing Guidelines which would be five months incarceration, five months home detention and supervised release.

Dated: October 16, 2006

                                      Respectfully submitted,

                                      _____
                                      Joseph R. Conte, Bar #366827

## CERTIFICATE OF SERVICE

_____I HEREBY CERTIFY that a copy of the foregoing was served, by ECF to Ms. Sherry Shorensten

                                      _____/s/_____
                                      Joseph R. Conte